DOMINICK MARTIN, INDIVIDUALLY AND AS ADMINIS-
TRATOR, ETC., APPELLANT, v. THE STUDEBAKER
CORPORATION, RESPONDENT.

Submitted February 11, 1926—Decided May 17, 1926.

A manufacturer of automobiles who does not make wheels for them,
but buys wheels of approved pattern and standard quality from a
reputable and experienced manufacturer, is not an insurer to
users of the automobiles that the wheels are free of defects, but
is only under a duty of reasonable care to ascertain by proper
and reasonable tests whether the wheels are apparently adequate
for the purposes for which they were made.

On appeal from the Supreme Court.

For the appellant, *Edward A. Markley.*

For the respondent, *Augustus C. Studer, Jr.*

The opinion of the court was delivered by

PARKER, J. ·The plaintiff was injured, and his son, of whom
he is administrator, was killed by reason of the collapse of a
wheel on a motor car manufactured by the defendant-respond-
ent, in which car plaintiff-appellant and his son were riding.
The two claims were combined in one suit, based on alleged
negligence in construction of the automobile. At the trial it
appeared that the defendant did not itself make the wheels,
but purchased them of ·a well-known concern in good stand-
ing, patronized also by a number of other makers of so-called
standard cars; that defendant maintained three inspectors
at that factory to watch the manufacture, independently of
inspection by the manufacturer. The jury found for defend-
ant, and the case is brought here on exceptions to the charge
bearing on the duty of care required of the defendant, and on
the refusal to charge as requested. The last ground of appeal
alleges error in charging defendant's second request. The
court did not charge that request. He did charge defendant's
request No. 4, but that is not assigned for error.

The grounds of appeal are voluminous and several are technically faulty, as containing in each several distinct propositions, and as going beyond the scope of the exceptions on which they purport to be, respectively, based. The first covers two entire printed pages of the charge; the second, a page; the third and fifth, half a page each; the fourth, over half a page. The rule that grounds of appeal, like exceptions, must be specific, and limited each to a single ruling, is well settled. *Engle* v. *State*, 50 *N. J. L.* 272; *Packard* v. *Bergen, Neck Railway Co.*, 54 *Id.* 553, 556; *State* v. *Spallone*, 97 *Id.* 221; *State* v. *Bove*, 98 *Id.* 350, 355; *affirmed, Id.* 576. Passing this, and examining the exceptions, we find that those to the charge are returned in the loose and inaccurate way which seems to be a result of no longer requiring exceptions to be sealed. As appellant is entitled to a review only on his exceptions as actually taken, we examine them from that standpoint. The first is: "To that part of the charge beginning—There was no contractual relationship between the plaintiff and this defendant, and that the defendant would be relieved if it had made a reasonable testing or inspection of the wheels when it received them." The second: "To that part of the charge in which the court said the defendant did not manufacture the wheels, and must merely use reasonable care as to their inspection." The third: "To that part of the charge where the court said the defendant did not select the wood and did not turn it to spokes; that was done by another company separate and distinct; if the defendant had no notice of the defect from such an inspection as would be made after the wheel came into their possession, and the wheel manufacturer was a reputable wheel manufacturer, then the defendant would not be liable." The fourth: "To that part of the charge where your honor said the defendant cannot be held liable for the negligence of the wheel company who manufactured the wheel, or for any defects in the wheel that may be due to the negligence of the wheel company, unless the defendant knew or should have known by a reasonable inspection of the defective wheel." The fifth: "To that part of your honor's charge where the court said if there was a

defective wheel, but you are not satisfied that the defendant did not use reasonable care in its inspection made by it to determine the defects, then the defendant would not be liable even though the wheel was defective. It is my contention that they are liable, irrespective of their own negligence, if the manufacturer of the wheel was negligent."

There were also exceptions to the court's refusal to charge plaintiff's requests numbered two and three, and to charging the fourth request of the defendant. (It was not charged.) Also, "to that part of the charge wherein the court said the defendant would not be liable for any defects in the wheel which were not discoverable by the defendant after the wheel came into the defendant's possession."

Appellant summarizes the instructions actually given to the jury as quoted in the brief (and we think not unfairly) as follows:

"To summarize the instructions just quoted, the trial court held that the defendant was not liable for any negligence on the part of the wheel company even though the wheel was negligently made of defective or improper wood and collapsed by reason of such defects; that the defendant could not be liable for the negligence of the wheel company; that that company would have to be responsible for its own negligence; that all the defendant was liable for was a failure to make a reasonable and proper inspection of the wheel as a finished product; that the defendant had no liability with respect to the purchase of the raw material; that this was so because there was no contractual relationship between the plaintiff and the defendant, and that when the wheel, though defective and unsound, was purchased from a reputable concern, there was no liability on the part of the manufacturer of the automobile except for a reasonable testing or inspection of the finished product."

The authority relied on by the appellant seems to be principally, if not solely, the case of *Heckel* v. *Ford Motor Co.*, 101 *N. J. L.* 385, but appellant overlooks the determinative fact that in that case the defendant made, and did not purchase, the part that exploded. In

charging the jury in the case at bar, the judge not only followed closely the leading New York case of *MacPherson* v. *Buick Motor Co.,* 217 *N. Y.* 382; 111 *N. E. Rep.* 1050, but adhered to the rule obtaining in this state. The question has most frequently arisen in cases of a servant injured by some defect in a tool or appliance, and charging the master with negligence in using it. Cases of this class are *Atz* v. *Manufacturing Co.,* 59 *N. J. L.* 41; *Electric Co.* v. *Kelly,* 57 *Id.* 100; *S. C.,* 60 *Id.* 306; *Steamship Co.* v. *Ingebregsten,* 57 *Id.* 400; *Carroll* v. *Tidewater Oil Co.,* 67 *Id.* 679; *Fulton* v. *Grieb Rubber Co.,* 69 *Id.* 221; 75 *Id.* 525; *Bauman* v. *Cowdin,* 75 *Id.* 193; *affirmed,* 76 *Id.* 575; *Barrett* v. *Young,* 78 *Id.* 733, and *Hamm* v. *Rockwood Sprinkler Co.,* 88 *Id.* 564. In Bauman *v.* Cowdin the rule was stated to be as to a master, that his duty "is to exercise reasonable care only, and that care is exercised when he provides an apparatus in common use, purchased from an experienced and reputable manufacturer, and makes a test where a test is required." In Barrett *v.* Young it appeared that the coal wagon was equipped with the best gear on the market, and that it had been duly inspected, and a directed verdict was sustained.

We perceive no substantial difference between the duty of an employer purchasing implements and supplying them to his servants, and that of a manufacturer of an automobile, wholly or partly "assembled," buying the wheels to sell as part of it. In many of the reported cases, the claim was made, and properly, against the original manufacturer. Thus, in *Tomlinson* v. *Armour & Co.,* 75 *N. J. L.* 748, there was no claim against the tradesman that sold to the plaintiff, and in Landenberger *v.* John Wood Co., argued at the March term, 1922, and settled by the parties before decision, the suit was against the maker of the tank that exploded, and not against the local steamfitter who was installing it. It may well be that if the jury in the case at bar had found for the plaintiff, their verdict would have stood as against an appeal. They took the other view, and on instructions which we deem to be essentially sound so far as laid before us.

The court properly refused to charge that "an automobile is an imminently dangerous article," and properly rejected a

616    COURT OF ERRORS AND APPEALS.

Warren Bros. Co. v. Hartford, &c., Co.    *102 N. J. L.*

long comment on the facts, including propositions of law, which, so far as correct, were fully covered.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.